## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | SA CV 25-2686 PA (DFMx) | Date | December 4, 2025 |
|---|---|---|---|

| Title | Jose Antonio Elizarraraz Zavala v. Kristi Noem, et al. |
|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS — COURT ORDER

Before the Court is an "Emergency Motion for Temporary Relief and Request for Legal Assistance" filed by petitioner Jose Antonio Elizarraraz Zavala ("Petitioner"). (Docket No. 3 ("TRO Motion").) On December 3, 2025, respondents Kristi Noem, Secretary, Department of Homeland Security, Pam Bondi, Attorney General, Executive Office for Immigration Review, Todd Lyons, Executive Associate Director of ICE Enforcement and Removal Operations (ERO); and David A. Marin, Adelanto Immigration and Customs Field Office Director (collectively "Respondents") filed their Opposition. (Docket No. 6.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument or further briefing. For the reasons set forth below, Plaintiff's TRO Motion is granted.

## I.    BACKGROUND

Petitioner, who has been charged with having entered the United States without inspection and therefore removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), is in Immigration and Customs Enforcement ("ICE") custody pending removal proceedings. On December 2, 2025, Petitioner filed a habeas petition ("Petition") against Respondents, seeking a writ of habeas corpus requiring that he be released form custody unless Respondents provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Petition alleges that Petitioner has been residing in the United States since 1998 and was apprehended by ICE on October 26, 2025. Petitioner alleges that at the time of his arrest, he had lived in Orange County with his family without incident, and was neither a danger to others or a flight risk. Petitioner is currently detained at the ICE Adelanto Detention Center, placed in removal proceedings and is not scheduled for a master calendar hearing until December 22, 2025. The Petition further alleges that Petitioner was scheduled for a bond hearing before an Immigration Judge on November 26, 2025, but that the Immigration Judge denied release on bond pursuant to the "new agency policy" that all person who have entered without inspection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-2686 PA (DFMx) | Date | December 4, 2025 |
|---|---|---|---|
| Title | Jose Antonio Elizarraraz Zavala v. Kristi Noem, et al. | | |

are considered applicants for admission and therefore ineligible for release on bond under 8 U.S.C. 1225(b)(2).[1]  The Petition further alleges that the application of this mandatory detention provision – instead of the provision permitting release on bond that applies to non citizens residing in the United States (8 U.S.C. § 1126a) –  violates the Immigration and Nationality Act and Petitioner's due process rights.  Petitioner seeks a temporary restraining order ("TRO") requiring Respondents to release him from custody or to provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of issuance of the TRO.

Respondents oppose Petitioner's Application, arguing in relevant part that:  (1) the Court lacks jurisdiction to review Petitioner's claims under 8 U.S.C. § 1252; (2) Petitioner fails to demonstrate a likelihood of success on the merits because, under the plain text of 8 U.S.C. § 1225, Petitioner must be detained pending the outcome of his removal proceedings; and (3) the balance of hardships favors Respondents.

## II.    **LEGAL STANDARD**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right."  Id. at 24.  The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

---

[1]    This DHS policy issued on July 8, 2025 instructs ICE employees to consider anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an "applicant for admission"under 8 U.S.C. § 1225(b)(2)(A). Pursuant to section 1225(b)(2)(A), "applicants for admission" who are "seeking admission" are subject to mandatory detention.  The Board of Immigration Appeals ("BIA") addressed this issue in its order issued on September 5, 2025 in Matter of Jonathan Javier Yajure Hurtado, 29 I&N Dec. 216(BIA 2025), which is binding on all immigration judges.  The BIA, consistent with the recent DHS policy, held that immigration judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission, because such individuals are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a) and are thus ineligible to be released on bond.  The BIA's opinion is not binding on this Court, and for the reasons discussed below, the Court declines to follow this ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-2686 PA (DFMx) | | Date | December 4, 2025 |
|---|---|---|---|---|
| Title | Jose Antonio Elizarraraz Zavala v. Kristi Noem, et al. | | | |

Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two <u>Winter</u> factors have also been met. <u>Id.</u> (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997).

III.    **DISCUSSION**

The Court concludes that Petitioner has demonstrated that he is entitled to the requested TRO. Numerous district court judges, including at least ten in this District, have addressed the same legal issues presented here and have granted the petitioners' similar requests for TROs. <u>See, e.g.</u>, <u>Xiaoman Ding v. James Janecka et al.</u>, No. 5:25-CV-03184-DOC-JDE, 2025 WL 3453957 (C.D. Cal. Nov. 28, 2025); <u>Estrada v. Todd Lyons et al.</u>, No. CV 25-11002-KK-KSX, 2025 WL 3438562 (C.D. Cal. Nov. 26, 2025); <u>Padilla v. Bowen</u>, No. 2:25-CV-10780-CAS-SK, 2025 WL 325136810 (C.D. Cal. Nov. 21, 2025); <u>Miguel Portillo, et al. v. Kristi Noem, et al.</u>, 5:25-cv-02892-JFW-PVC (C.D. Cal. Oct. 31, 2025); <u>Suy-Tol v. Noem, et al.</u>, No. 5:25-CV-02806-JFW (AS) (C.D. Cal. Oct. 29, 2025); <u>Helal v. Janecka</u>, No. 5:25-CV-02650-HDV-JC, 2025 WL 3190132 (C.D. Cal. Oct. 24, 2025); <u>Zecua v. Lyons</u>, No. 2:25-CV-09794-CV-PDX, 2025 WL 3150680 (C.D. Cal. Oct. 17, 2025); <u>Sandoval Hernandez v. Noem</u>, No. 5:25-CV-02563-FMO (AGR) (C.D. Cal. Oct. 9, 2025); <u>Pop v. Noem</u>, No. 5:25-CV-02589-SSS-SSC, 2025 WL 3050095 (C.D. Cal. Oct. 3, 2025); <u>Arreola Armenta v. Noem</u>, No. 5:25-CV-2416-JFW (SP) (C.D. Cal. Sept. 16, 2025); <u>Zaragoza Mosqueda v. Noem</u>, No. 5:25-CV-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); <u>Benitez v. Noem</u>, 5:25-CV-2190-RGK (AS) (C.D. Cal. Aug. 26, 2025); <u>Arrazola-Gonzalez v. Noem</u>, No. 5:25-CV-01789-ODW-DFM, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); <u>Ceja Gonzalez v. Noem</u>, 5:25-CV-2054-ODW (BFM) (C.D. Cal. Aug. 13, 2025); and <u>Maldonado Bautista v. Santacruz</u>, No. 5:25-CV-01873-SSS (BFM) (C.D. Cal. July 28, 2025).

The Court finds the reasoning set forth in these opinions to be persuasive, and in particular, adopts the reasoning set forth in <u>Zaragoza Mosqueda v. Noem</u>, No. 5:25-CV-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025) and <u>Benitez v. Noem</u>, 5:25-CV-2190-RGK-AS (C.D. Cal. Aug. 26, 2025). Specifically, for the reasons stated in those opinions, the Court concludes that: (1) 8 U.S.C. § 1252(b)(9) and § 1252(g) do not present a jurisdictional bar. <u>See</u> <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 292-95 (2018); (2) Petitioner is likely to succeed on the merits of his claim that his ongoing detention under 8 U.S.C. § 1225(b)(2) is unlawful because 8 U.S.C. § 1226(a) governs his detention; (3) Petitioner is likely to suffer irreparable injury in the absence of a TRO because detention constitutes a loss of liberty that is irreparable; and (4) the balance of equities and public interest weigh in favor of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 25-2686 PA (DFMx) | Date | December 4, 2025 |
|----------|-------------------------|------|------------------|
| Title | Jose Antonio Elizarraraz Zavala v. Kristi Noem, et al. | | |

TRO because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue," <u>Galvez v. Jaddou</u>, 52 F.4th 821, 832 (9th Cir. 2022).

## **Conclusion**

For the foregoing reasons, Petitioner's TRO Motion is granted. The Court orders that:

1.    Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

2.    Respondents shall show cause, in writing, on or before December 12, 2025 as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response on or before December 15, 2025. The Court sets a hearing on whether a preliminary injunction should issue for December 17, 2025 at 1:30 pm; and

3.    Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court.

IT IS SO ORDERED.